**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BRIAN COOPER,                           :
                                        :     Civil Action No. 08-103 (JBS)
              Plaintiff,                 :
                                        :
         v.                             :          **O P I N I O N**
                                        :
GLOUCESTER COUNTY                        :
CORRECTIONAL OFFICERS,                   :
et al.,                                 :
                                        :
              Defendants.                :

**APPEARANCES:**

    BRIAN COOPER, Plaintiff pro se
    SBI #546205A
    River Front State Prison
    P.O. Box 9104
    Camden, New Jersey 08101

**SIMANDLE**, District Judge

    This matter comes before the Court upon pro se plaintiff,
Brian Cooper's ("Cooper") motion for equitable tolling of the
statute of limitations.  Plaintiff essentially seeks
reconsideration of this Court's January 28, 2008 Opinion and
Order, which dismissed the Complaint with prejudice as time-
barred.  Cooper filed this motion on or about April 9, 2008.
(Docket Entry No. 5).

    In order to entertain petitioner's motion for equitable
tolling, the Court will have the Clerk reopen the file.  This
motion is decided without oral argument pursuant to Federal Rule

of Civil Procedure 78.  For the reasons stated below, plaintiff's
motion for equitable tolling will be denied, and the Clerk will
be directed to re-close the file.

## I.  __BACKGROUND__

On or about January 3, 2008,[1] Cooper filed a Complaint
against Gloucester County Correctional Officers, Officer Ramada,
and Gloucester County alleging that plaintiff was assaulted
without justification or provocation on December 25, 2004 by
Officer Ramada.

In an Opinion and Order filed on January 28, 2008, this
Court dismissed the Complaint because it was filed more than one
year after the statute of limitations had expired.  In
particular, the Court found that the action accrued on the date
of the assault, December 25, 2004, and plaintiff had two years
from that date, or until December 24, 2006, to timely file his
Complaint.  This Court also observed that plaintiff had alleged
no facts or extraordinary circumstances that would permit
statutory or equitable tolling under either New Jersey state or
federal law.  (See January 28, 2008 Opinion at pp. 10-11, Docket
Entry No. 2).

---

[1]  In the January 28, 2008 Opinion issued by this Court, it
was determined that plaintiff filed his Complaint on January 3,
2008, because that was the date plaintiff signed his papers
before submitting them for mailing, and there was no other way to
ascertain with certainty the exact date plaintiff handed them to
prison officials for mailing.  See Houston v. Lack, 487 U.S. 266,
276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d cir. 1998).

2

Several months after this action was dismissed, Cooper filed a motion for equitable tolling of the statute of limitations. Cooper cites a laundry list of reasons, without factual support or explanation, for his request for equitable tolling.  In particular, Cooper alleges:

1) Ignorance or lack of knowledge of the law.

2) No access to professional legal assistance.

3) No professional paralegal assistance.

4) Plaintiff is illiterate, uneducated, with no "GED" or high school diploma.

5) Plaintiff's criminal record and length of total incarceration.

6) Plaintiff is a minority.

7) Plaintiff's lack of education and his prolonged incarceration operated in an "extraordinary way" to prevent him from asserting his rights in a timely manner.

8) Motion should be granted based on "sound legal principles and in the interest of justice."  Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).

9) Plaintiff never knew that this was a tort claim or the basis for a § 1983 action.

10) Indigency has long been recognized as a "hindrance by the Court that denies equitable counsel to the incarcerated or poor."

3

11) Plaintiff was misled by defendant with respect to Cause of Action.

12) Plaintiff has been prevented from asserting claim as a result of extraordinary circumstances due to incarceration and education level achieved.

13) The court has long recognized prisoners as "second class citizens."

(Plaintiff's Motion for Equitable Tolling at Docket Entry No. 5).

## II.  <u>ANALYSIS</u>

Plaintiff's motion for equitable tolling essentially operates as a motion for reconsideration of this Court's January 28, 2008 Opinion and Order, which dismissed plaintiff's Complaint as time-barred.  Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  <u>Id</u>.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  <u>Bowers v. Nat'l. Collegiate Athletics Ass'n.</u>, 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the

4

Court has overlooked" when it ruled on the motion.  L. Civ. R.
7.1(i); see NL Industries, Inc. v. Commercial Union Insurance,
935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument
is high and reconsideration is to be granted only sparingly.  See
United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The
movant has the burden of demonstrating either: "(1) an
intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court [issued its
order]; or (3) the need to correct a clear error of law or fact
or to prevent manifest injustice."  Max's Seafood Café v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins.
Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).
The Court will grant a motion for reconsideration only where its
prior decision has overlooked a factual or legal issue that may
alter the disposition of the matter.  Compaction Sys. Corp., 88
F. Supp.2d at 345; see also L.Civ.R. 7.1(i).  "The word
'overlooked' is the operative term in the Rule."  Bowers, 130 F.
Supp.2d at 612 (citation omitted); see also Compaction Sys.
Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only
those matters of fact or issues of law which were presented to,
but not considered by, the court in the course of making the
decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876,
878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus,

reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Cooper's motion for equitable tolling seeks reconsideration of this Court's ruling that plaintiff's Complaint

is time-barred.  Cooper is asking this Court to consider his
arguments for equitable tolling, which he did not have an
opportunity to raise in his initial pleading because he was
unaware that his action was untimely filed.  In this manner,
Cooper's motion is more akin to a Rule 60(b) motion for seeking
relief from this Court's January 28, 2008 Order, which had
dismissed the Complaint as time-barred.  Rule 60(b) provides, in
pertinent part:

> On motion and upon such terms as are just, the court
> may relieve a party or a party's legal representative
> from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise,
> or excusable neglect; (2) newly discovered evidence
> which by due diligence could not have been discovered
> in time to move for a new trial under Rule 59(b); (3)
> fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of
> an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged,
> or a prior judgment upon which it is based has been
> reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective
> application; or (6) any other reason justifying relief
> from the operation of the judgment.  The motion shall
> be made within a reasonable time, and for reasons (1),
> (2) and (3) not more than one year after the judgment,
> order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper
balance between the conflicting principles that litigation must
be brought to an end and that justice must be done."  Boughner v.
Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir.
1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d
262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

>    A motion filed pursuant to Rule 60(b) is
> "addressed to the sound discretion of the trial court
> guided by accepted legal principles applied in light of
> all the relevant circumstances." <u>Ross v. Meagan</u>, 638
> F.2d 646, 648 (3d Cir. 1981). Rule 60(b), however,
> "does not confer upon the district courts a
> 'standardless residual of discretionary power to set
> aside judgments.'" <u>Moolenaar v. Government of the
> Virgin Islands</u>, 822 F.2d 1342, 1346 (3d Cir. 1987).
> Rather, relief under rule 60(b) is available only under
> such circumstances that the "'overriding interest in
> the finality and repose of judgments may properly be
> overcome.'" <u>Harris v. Martin</u>, 834 F.2d 361, 364 (3d
> Cir. 1987) (quoting <u>Martinez-McBean v. Government of
> the Virgin Islands</u>, 562 F.2d 908, 913 (3d Cir. 1977)).
> "The remedy provided by Rule 60(b) is 'extraordinary,
> and [only] special circumstances may justify granting
> relief under it.'" <u>Moolenaar</u>, 822 F.2d at 1346
> (citations omitted).

<u>Tischio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998)

(citations omitted). Under these circumstances, Plaintiff will

receive this additional opportunity to argue why his underlying

Complaint is not time-barred, since Plaintiff may not have

anticipated that timeliness would be an issue in his case,

despite his belated filing.

    Here, this Court finds that Cooper has failed to show any

special or extraordinary circumstances that would justify the

application of equitable tolling so as to grant relief under Rule

60(b)(6), which appears to be the most applicable provision for

relief under Rule 60(b) in this instance.

    As stated above, in order to overcome the time-bar as

determined by this Court, Cooper now asks this Court to apply

equitable tolling to relax the statute of limitations bar. In

support of this argument, Cooper asserts that he was unable to file his Complaint in a timely manner because he was ignorant of the law or that he had a basis for a tort claim or § 1983 action. Cooper also alleges that his lack of education, his purported illiteracy, the fact of his incarceration, and his inability to find professional legal assistance played a part in delaying him from filing a claim within the statute of limitations period. However, these allegations of ignorance, illiteracy, lack of education, and general incarceration are not sufficient to relax the statute of limitations bar in this instance.   Moreover, these allegations do not suffice, individually or collectively, to establish extraordinary circumstances warranting equitable tolling.   See e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.)(equitable tolling inappropriate where petitioner alleged lack of legal resources and legal knowledge), cert. denied, 504 U.S. 971 (2003); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law does not excuse timely filing), cert. denied, 531 U.S. 1194 (2001); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.)(unfamiliarity with the legal process because of illiteracy does not merit equitable tolling), cert. denied, 528 U.S. 1007 (1999); Fisher v. Johnson, 174 F.3d 710, 714 & n. 13 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing" and

"lack of knowledge of the filing deadlines" and "lack of representation" did not justify equitable tolling); Milas v. Palakovich, 2008 WL 2156714, *7 (E.D. Pa. May 21, 2008)(unspecified allegation of denial of access to a law library and paralegal assistance was not a proper basis to permit equitable tolling); Richards v. County of Morris, Civil No. 07-1995, 2007 U.S. Dist. LEXIS 49290 (D.N.J. July 5, 2007)(Martini, J.).

Cooper also contends that he "was misled by defendant with respect to Cause of Action." As this Court observed in its January 28, 2008 Opinion in this case, equitable tolling is permitted if the defendant has actively misled the plaintiff from timely asserting his claims. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). In this instance, however, Cooper fails to specify, explain, or support his bald allegation of governmental interference. There is no indirect inference from the facts alleged by Cooper that could support such a claim. Consequently, this Court finds that equitable tolling is unavailable under this circumstance where Cooper "has asserted no more than a bare allegation" in support thereof. Molina v. Hendricks, 2006 WL 1286215, *5 (D.N.J. May 5, 2006). See also Milas v. Palakovich, 2008 WL 2156714, *7 (E.D. Pa. May 21, 2008).

10

Finally, this Court finds that equitable tolling is not available because Cooper simply recites a litany of general allegations in a vacuum, as a checklist, without providing any factual support as to how these alleged circumstances prevented him from timely filing a Complaint regarding an alleged assault that occurred on December 25, 2004, almost 3 1/2 years ago. Cooper also fails to explain how these factors of ignorance, lack of education and incarceration foreclosed him from learning that he had any claim relating to the December 2004 assault for more than three years.  If Cooper's allegations are true, he knew on December 25, 2004 that he suffered harm due to Defendants' conduct, and that fact started the two-year clock which the law gives an injured party to investigate and, if appropriate, file suit.  Accordingly, Cooper has failed to demonstrate extraordinary circumstances sufficient to warrant equitable tolling.  See Pinner v. Folino, 2007 WL 2221420, *4 (E.D. Pa. July 31, 2007).

Therefore, this Court finds that Cooper has failed to show any special circumstances that would justify granting relief.  As set forth above, there is no basis to grant equitable tolling of the statute of limitations in this case.  Consequently, Cooper's motion for relief from judgment will be denied because plaintiff has not established sufficient grounds for equitable tolling.

### III. <u>CONCLUSION</u>

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Cooper's motion for equitable tolling and relief from this Court's January 28, 2008 Opinion and Order dismissing the Complaint.  The matter of the Complaint's untimeliness has been considered, and the motion will be denied for lack of merit.  An appropriate Order follows.


<u>s/ Jerome B. Simandle</u>
JEROME B. SIMANDLE
United States District Judge

Dated:  **June 17, 2008**

12